**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Shimomura, | No. CV-18-00117-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| American Medical Response Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Sarah Shimomura's Motion to Remand. (Doc. 16.) The Motion is fully briefed and is suitable for determination without oral argument. (Docs. 23, 26.) For the following reasons, the Motion will be granted.

**I.   Background**

On February 7, 2018, Plaintiff filed the Complaint in Pima County Superior Court. (Doc. 1-3 at 10–13.) Plaintiff alleges that, on August 28, 2017, she lawfully entered a marked crosswalk with her bicycle. (*Id.* at 12, ¶¶ 13, 15.) Defendant Juan Briones, an employee of Defendant American Medical Response, Inc. ("AMRI") who was operating a vehicle owned by Defendant Southwest Ambulance of Tucson, Inc., allegedly entered the crosswalk unlawfully and struck Plaintiff and her bicycle. (*Id.* ¶¶ 14, 15, 16.) Plaintiff allegedly sustained serious and permanent injuries, which have caused her great physical and mental pain. (*Id.* at 12–13, ¶ 19.) She has lost income and athletic eligibility and has incurred medical and other expenses in an undetermined amount. (*Id.* at 13, ¶ 20.) She alleges a claim of negligence against all Defendants. (*See id.* at 12–13.)

On March 1, 2018, Defendant AMRI filed a Notice of Removal Pursuant to 28 U.S.C. §§ 1332(a) and 1446(a). (Doc. 1.) Defendant AMRI asserts that this Court has diversity jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (*Id.* ¶ 7.) As to Plaintiff's citizenship, Defendant AMRI alleges that Plaintiff is domiciled in California, although she resides in Tucson, Arizona as a student. (*Id.* ¶ 8.) The Defendants are domiciled either in Arizona, Delaware, or Colorado. (*Id.* ¶¶ 10, 11.) As to the amount-in-controversy requirement, Defendant AMRI asserts that it is apparent from the face of the Complaint, as well as from updates concerning Plaintiff's medical status, that the amount in controversy exceeds $75,000. (*Id.* ¶¶ 14, 15, 16.)

Plaintiff filed her Motion to Remand on March 28, 2018. (Doc. 16.) She argues that Defendant AMRI's removal was procedurally improper because unanimity of all Defendants was not established prior to removal. She also argues that there is not complete diversity of citizenship because Plaintiff is domiciled in Arizona. Defendants argue in response that unanimity was not required and that there is evidence that Plaintiff is domiciled in California and resides in Arizona merely to attend school.

**II.    Standard of Review**

"A defendant generally may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction in cases where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). It is the defendant's burden to establish proper removal by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

## III. Discussion

### A. Procedural Deficiencies

Plaintiff argues that the Notice of Removal is procedurally defective because Defendant AMRI did not obtain consent from all Defendants before filing it. The only defendants who must join a petition for removal are those who have been properly served at the time of removal. *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)). The state-court record shows that only Defendant AMRI had been served at the time of removal. (Doc. 1-3 at 15.) Therefore, the Notice of Removal is not procedurally defective because no other Defendants' consent was necessary.

### B. Diversity of Citizenship[1]

A person's state citizenship is determined by his or her domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Relevant factors in determining a person's domicile include: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citation omitted). No single factor is dispositive. *Id.* "It is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614, (9th Cir. 2016) (quoting *Anderson v. Watts*, 138 U.S. 694, 706 (1891)).[2]

---

[1] There is no dispute that the amount-in-controversy requirement for jurisdiction under 28 U.S.C. § 1332 is satisfied.

[2] The parties cite *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013), for the proposition that the Ninth Circuit has not adopted the rebuttable presumption that residence is prima facie evidence of domicile. However, the *Mondragon* court merely noted in passing that it is not clear whether this circuit has adopted the presumption, and it expressly declined to address that issue. *Id.* More recent authority indicates it is appropriate to apply a rebuttable presumption. *See NewGen, LLC*, 840 F.3d at 614.

Plaintiff contends that Defendants are unable to satisfy their burden because the following factors show that she is domiciled in Arizona: she attends school full-time in Tucson at the University of Arizona and is a member of the swimming and diving team; she pays rent on a year-long lease; she keeps her personal property in Tucson; she insures her vehicle in Arizona; and she is a volunteer speaker in the Tucson community. Defendants argue that the foregoing factors do not establish domicile because they are typical of all students attending college away from home. They argue the following factors show that Plaintiff is domiciled in California: Plaintiff possesses a California driver's license, which was issued on December 27, 2017, and identifies her parents' California address as her address; Plaintiff's passport identifies her parents' address; Plaintiff is not registered to vote in Arizona; Plaintiff was briefly employed in California during school breaks in 2016 and 2017; Plaintiff has filed Federal and California state income tax returns identifying her parents' address, and she has never filed an Arizona state income tax return; Plaintiffs' parents claimed her as a dependent on their income taxes; Plaintiff owns no real property or business interests in Arizona; Plaintiff's bank accounts were established in California using her parents' address; and Plaintiff's parents pay her living expenses.

Although it is a close question, the Court finds that Defendants have not established by a preponderance of evidence that diversity jurisdiction exists. Defendants rely on the absence of two *Lew* factors—i.e., Plaintiff is not registered to vote in Arizona and owns no real property in Arizona—as evidence that Plaintiff is domiciled in California. However, Plaintiff is not registered to vote in California and owns no real property in California either. Those factors do not weigh one way or the other. Plaintiff's bank accounts are associated with a banking institution that is located exclusively in California. However, the Court agrees with Plaintiff that this factor holds very little, if any, weight given the increasing prevalence of online banking. Nor is the Court particularly persuaded by Plaintiff's limited work experience in California, or by the filing of tax returns for the insignificant wages she made as a result. Plaintiff worked

less than full-time for very brief periods; this does not persuasively show an intention to return to and remain in California.

Plaintiff's recent renewal of her California driver's license is a persuasive factor indicating an intention to return to and remain in California. The presence of her family in California also weighs in favor of a California domicile, although to a lesser extent. Factors weighing in favor of an Arizona domicile include Plaintiff's residency, the location of Plaintiff's personal property in Arizona, Plaintiff's Arizona vehicle insurance, and Plaintiff's volunteer work in the Tucson community. Cognizant that it is Defendants' burden to establish proper removal, the Court finds that, on balance, there is doubt as to whether the parties are really diverse. "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 16) is **granted**.

2. The above-numbered action is **remanded** to the Pima County Superior Court (Cause No. C20180639). The Clerk of Court is directed to mail a certified copy of this Order to the clerk of the Pima County Superior Court.

3. The Clerk of Court is further directed to close this case.

Dated this 2nd day of May, 2018.

_____
Honorable Rosemary Márquez
United States District Judge